PHILLIP DABNEY, JR.
117 Rachel Vincent Way
Buffalo, New York 14216

February 6, 2025

HON. LAWRENCE J. VILARDO
United States District Judge
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, New York 14202



Re: <u>Calhoun v. Dabney, et al.</u>
Case No.: 24-cv-00872-LJV

Honorable Lawrence J. Vilardo:

My name is Phillip Dabney, Jr., a named "defendant" of the above-captioned federal complaint filing in the Western District of New York. I have recently learned of the impending complaint from recent but many e-postings and "screenshots" by the above-named Complainant, Dominique Calhoun on a Facebook® Community Bulletin page. This letter is not delivered as an appearance nor purposed to be an *exparte* communication by this writer, precedent to a suit formally filed, where there is a question of jurisdiction prevails.

This letter is tendered presumptively, prior to both the Court's requisite statutory assessment of Ms. Calhoun's application to proceed *in forma pauperis* under 28 U.S.C. § 1915(e)(2), and screening considerations associated therewith, supported by a **Benitez**-related analysis. See, <u>Benitez v. Wolff</u>, 907 F.2d 1293, 1295 (2d Cir. 1990). As such, it appears that service of process, at bar, has not yet been granted by this Court.

This writer directs the Court's attention to a contemporaneous and correlated State matter, pending as **active** in Broome County, New York State Supreme Court, [*Calhoun, Dominique et al vs. DABNEY JR., PHILLIP et al; Index: EFCA2024001984*]. Notedly, Ms. Calhoun has applied for "Fee Waiver" pursuant to CPLR § 1101 in two other prior and identical matters against this writer that are now *disposed* in Erie County, New York State Supreme Court. [Calhoun, Dominique et al vs. DABNEY JR ESQ, PHILLIP et al; Index: 801282/2021; and Calhoun, Dominique vs. DABNEY JR., PHILLIP et al; Index: 810636/2024]. Nevertheless, the NYS Supreme Court matter in Broome County remains "active", brought as an identical suit against this writer.

In the pending action in NYS Supreme Court, Broome County, Justice Hon. Cheryl Insinga, J.S.C., tendered an Order against Ms. Calhoun's Fee Waiver application, denying said waiver on legal grounds by written Decision dated, August 28, 2024, prior to service of Ms.

Calhoun's complaint. A copy of the Order is herein enclosed. Those grounds included determination as to the merits of Calhoun's action pursuant to CPLR § 1101(a), as well as reasoning that the applicable three-year statute of limitations had expired. Further, Justice Insinga's Order addressed Ms. Calhoun's proffered and reproduced *Attorney's Affidavit of Merit,* as insufficient on the merits of Calhoun's claim.

This writer, respectfully, summons this Court's Circuit care in regularity with treatment of the Order entered in NYS Supreme Court, Broome County with basis for *sua sponte* dismissal under 28 U.S.C. § 1915(d). See Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995); and, Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989):

> *"sua sponte dismissal of a complaint is proper only if it appears on the face of the complaint that it is barred by the applicable statute of limitations."*

This writer acknowledges the use of this Court's discretionary powers of *sua sponte* dismissal in advance of a served (pro se) complaint and filing of an Answer is undesirable and, also under some circumstances, improper. *See,* Benitez v. Wolff, 907 F.2d 1293, 1294 (2d Cir. 1990). However, where the Court's reservation may lie, "caution" as addressed in the Pino Court, "need not be paralysis" for dismissal under § 1915(d). Ryan, at 53 (2d Cir. 1995). This Court has both recognized and granted *sua sponte dismissal* under § 1915(d), both based on an *"indisputably meritless legal theory"* in the Second Circuit; and, *statute of limitations* as an affirmative defense in the First Circuit. See, Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991), *cert. denied*, 502 U.S. 1063, 112 S.Ct. 948, 117 L.Ed.2d 117 (1992). Some Federal courts (this Court may know) have also upheld dismissals under §1915(d), where "a dispositive defense clearly exists on the face of the complaint. See, Eggsware v. United States Secret Service, 2022 WL 675883; citing, Aguilar v. United States, Nos. 99–MC–0304, 99–MC–0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999), quoting Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) when the barrier of a successful affirmative action appears on the face of a complaint. See, Kimble v. Beckner, 806 F.2d 1256, 1257 (5th Cir. 1986).

This writer further notes this Court's likely hesitance, as espoused in Davis v. Bryan, 810 F.2d 42, 44 (2d Cir. 1987), where such sua sponte treatment is improper in the throughs of litigation against a *pro se* plaintiff, after an interposed Answer or on-going litigation against *pro se* plaintiff. Respectfully, this writer's proactive address in bringing to the Court's attention such circumstance at bar before service is granted or an opposing appearance is made is in earnest for the Court's consideration of a ripe Decision entered on an identical and decided issue in New York State Supreme Court where contemplatively this Court, upon diversity jurisdiction in civil actions, must absorb State law in this instance. Ryan is clear on this point and will most certainly be raised in this writer's answer upon granted and proper

service: dismissal under § 1915(d), where the event of an alleged cause of action falls "well outside the applicable three-year limitations period. See, <u>Jewell v. County of Nassau</u>, 917 F.2d 738, 740 (2d Cir. 1990).

Respectfully,

Phillip Dabney, Jr.



# New York State Unified Court System

## WebCivil Supreme - Case Search Results

1 Case(s) Match Your Search.   **Page 1 of 1 pages**
[New Search]  [Edit Search]

Please click the number in the first column or the index number to view case details.

| | Court | Year Filed | Index Number | Case Status | Plaintiff/Petitioner | First Plaintiff Firm | Defendant/Respondent | First Defendant Firm | Appearance Date | Justice | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Broome Supreme Court | 2024 | EFCA2024001984 | Active | Calhoun, Dominique et al | | DABNEY JR., PHILLIP et al | LAW OFFICES OF PHILLIP DABNEY JR. ESQ. | | Insinga, Hon. Cheryl | M |

[New Search]  [Edit Search]



STATE OF NEW YORK
SUPREME COURT CHAMBERS
BROOME COUNTY COURTHOUSE
PO BOX 1766
BINGHAMTON, NEW YORK 13902

**CHERYL INSINGA**
**JUSTICE**

Telephone: (607) 240-5810
Facsimile: (607) 240-5827
brminsinga_chambers@nycourts.gov

August 28, 2024
*Letter Order*

Dominique Calhoun
158 Nathan Road, SW
Atlanta, GA 30331
*Via NYSCEF*

RE: **Calhoun v. Dabney, et al.**
Broome County Index No.: EFCA 2024001984

Dear Ms. Calhoun:

The Court has reviewed your application for a filing fee waiver in this matter, the pleadings, and the related filings and determined that you do not qualify for this relief for several reasons:

- On January 31, 2021, you commenced a legal malpractice action against the defendants in Erie County (the Erie action). In that action, you alleged that the defendants committed legal malpractice by failing to commence a civil rights action on your behalf before the expiration of the January 31, 2018 statute of limitations. The Erie action was dismissed without prejudice by Order dated October 15, 2021. The motion to renew and/or reargue pursuant to CPLR 2221 was denied by Order dated February 17, 2022.

- On July 22, 2024, you commenced this breach of contract action against the defendants in Broome County (the Broome action). It is based on the same facts as the Erie action. Pursuant to CPLR § 214(6), the statute of limitations for a legal malpractice claim is 3 years (here, January 31, 2021). This is true "regardless of whether the [legal malpractice] theory is based in tort or in breach of contract" (*In re R.M. Kliment & Frances Halsband, Architects,* 3 NY3d 539, 542 [2004]). The Broome action was filed well beyond the January 31, 2021 statute of limitations.

- The complaint in the Broome action references "changing the venue" from Erie to Broome County. However, this relief is sought in the context of a pending action (*see* CPLR Article 5). As the Erie action was dismissed nearly 3 years ago, it is no longer pending. Further, as noted above, the Broome action was commenced over 3 years past the statute of limitations.

Dominique Calhoun
August 28, 2024
Page 2

- A Stipulation of Discontinuance was filed on June 22, 2024 in the Broome action, with a notation in NYSCEF that it would be filed in "Erie County due to Statute of Limitations tolling." However, the document itself references discontinuance of the Broome action.

One of the factors courts consider when determining whether to grant an application for a filing fee waiver is whether the action has merit (*see* CPLR 1101[a]). Where, as here, it appears the action would be time-barred under the applicable statute of limitations, denial of the application is proper (*see Sledge v. Hesson*, 274 AD2d 777 [3d Dept 2000]).

In making this determination, the Court has considered Mr. Guyette's affidavit of merit. However, the issue at this point is not whether the complaint states a claim for legal malpractice, but rather whether the time in which to commence such an action has expired.

Under the heading "Statute of Limitations: Inapplicable," Mr. Guyette cites the defendant's alleged "continuous representation" beyond the statute of limitations. However, at most, the complaint alleges the parties continued to discuss the status of the case until May 2018.

Mr. Guyette also cites the Executive Orders suspending procedural deadlines during the COVID-19 pandemic as a basis to find that the action is timely. As relevant here, Executive Order 202.8 and several subsequent Executive Orders effectively "tolled" or suspended the running of the applicable statute of limitations from March 20, 2020 through November 3, 2020 – a period of 228 days (*see Roach v. Cornell Univ.*, 207 AD3d 931, 932 [3d Dept 2022]). Excluding this period from the calculation of time in which you had to commence this action still does not bring it within the 3 year statute of limitations (*see id.*).

Despite the foregoing, CPLR § 1101(d) requires a notification that the case will be dismissed if the filing fees are not paid within 120 days of the date of this Letter Order (*see Sledge*, 274 AD2d at 778 [reversing dismissal of complaint as time-barred in context of poor person application, as action is not commenced until fees are paid or waived and there was no motion seeking such relief]).

This Letter constitutes an Order of the Court.

Very truly yours,

CHERYL INSINGA
Supreme Court Justice

CI/abs

cc:   Broome County Clerk, w/ original for filing