

**Honorable Judge Lawrence Vilardo**
**United States District Judge**
**Robert H. Jackson United States Courthouse**
**2 Niagara Square**
**Buffalo, New York 14202**

March 9, 2025

<u>Re: Calhoun V. Dabney, et al.</u>
Case No: 24-cv-00872-LJV

      The Plaintiff Dominique Calhoun Commenced Civil Federal Action 24-CV-872 filed "Pro Se" on September 16, 2025. The Plaintiff has not served any notice on any defendants of the claim as she awaits the order from the court regarding the application to proceed in forma pauperis. Per NYCRR filing of the claim initiates the civil action, regardless of service being not being made or approval of the poor person application. On March 7, 2025 at 11:00am the Plaintiff had a consultation with Washington DC Federal Law expert Tammy Allison Esq. Upon review of the Plaintiff's case on Pacer the Plaintiff was shown the letter written by the Defendant dated on February 6, 2025.

      The Defendant Phillip Dabney Jr. Esq by his own admission was made aware of the case being opened as he states in his letter submitted to the court. He says he seen a screen shot that was posted on the Plaintiff's Facebook page of the Notice of opening of the Federal Case against him, which is also public record. This being an open and active civil litigation the Defendant should be aware as a judge that any communication to the court should be treated as an ex parte communication.

### EX PARTE COMMUNICATIONS

      On February 6, 2025 Phillip Dabney Jr. Esq wrote a letter to the court addressed to the Honorable Lawrence J Vilardo. The Defendant Phillip Dabney Jr. failed to send a copy of the letter to the Plaintiff. The Defendant Phillip Dabney Jr. violated NYCRR section 2:9 Ex Parte Communications. The Defendant should be familiar with the rules as he has recently sworn an oath to uphold judiciary ethics as a sitting Housing Court Judge and former Buffalo City Court Judge.

> In New York, under 22 NYCRR Part 100, judges are prohibited from initiating, permitting, or considering ex parte communications concerning a pending or impending proceeding, unless an exception applies, as outlined in Rule 100.3(B)(6).
>
> (6) A judge shall accord to every person who has a legal interest in a proceeding, or that person's lawyer, the right to be heard according to law. A judge shall not initiate, permit, or consider *ex parte* communications, or consider other communications made to the judge outside the presence of the parties or their lawyers concerning a pending or impending proceeding, except:
>
> > (a) *Ex parte* communications that are made for scheduling or administrative purposes and that do not affect a substantial right of any party are authorized, provided the judge reasonably believes that no party will gain a procedural or tactical advantage as a result of the *ex parte* communication, and the judge, insofar as practical and appropriate, makes provision for prompt notification of other parties or their lawyers of the substance of the *ex parte* communication and allows an opportunity to respond.

(b) A judge may obtain the advice of a disinterested expert on the law applicable to a proceeding before the judge if the judge gives notice to the parties of the person consulted and a copy of such advice if the advice is given in writing and the substance of the advice if it is given orally, and affords the parties reasonable opportunity to respond.

(c) A judge may consult with court personnel whose function is to aid the judge in carrying out the judge's adjudicative responsibilities or with other judges.

(d) A judge, with the consent of the parties, may confer separately with the parties and their lawyers on agreed-upon matters.

(e) A judge may initiate or consider any *ex parte* communications when authorized by law to do so.

Pursuant to rule 100.3 (B) (6) (a) *"Ex parte communications that affect a substantial right of any party are authorized, that would gain a procedural or tactical advantage as a result of the ex parte communication. The judge also should make provisions for prompt notification of other parties or their lawyers of the substance of the ex parte communication and allows an opportunity to respond.*

This letter written by the defendant Phillip Dabney Jr. Esq. would gain procedural and tactical advantage in persuading the judge to dismiss the proceedings with misinformation. The Plaintiff was also not notified by the defendant or the court regarding the filing of this letter on February 6, 2024.

The Defendant would have also had knowledge of the opening of the claim prior to February 6, 2024. His wife Crystal Rodriguez-Dabney who is a Defendant in this Federal Civil case and whom Phillip Dabney Jr. resides with, was also a defendant in a temporary restraining order requested by the Plaintiff in Erie County Supreme Court on October 20, 2024. The Plaintiff made a complaint outlining the Defendant Crystal Rodriguez-Dabney was using Carolette Meadows, who has a history of violent behavior and mental illness to threaten, harass, alarm, and annoy the Plaintiff for opening this Federal lawsuit against her and her husband Defendant Phillip Dabney on September 15, 2024. Carolette Meadows is friends with both Defendants Phillip Dabney Jr. Esq and Crystal Rodriguez Dabney. The Honorable Michael Siragusa granted the Plaintiff a temporary restraining order against Meadows on December 6, 2024.

The Defendant states in his letter written to the court, *"This letter is not delivered as an appearance nor purposed to be an ex parte communication by this writer, precedent to a suit formally filed, where there is a question of jurisdiction prevails."* In the letter he purposely misleads that it is not an ex parte communication, knowing as a judge what he has written to the court is the textbook definition of just that.

In the letter the Defendant Phillip Dabney Jr. Esq. has written to the court he has given case law. He has referenced other suits the plaintiff has filed and purposely misled the court regarding them. The contents of the letter submitted does not fall within the permittable guidelines of ex parte communications. The Defendant Phillip Dabney Jr. Esq. has submitted this without purposely notifying the Plaintiff of this letter and giving her a chance to reply and defend all of the misleading and untruthful narratives he has painted.

## BROOME COUNTY, NY SUPREME COURT

Defendant Dabney submits proof of a pending "active" matter in Broome County Supreme Court, which was a technical error that was showing in the system. The Plaintiff since has contacted Broome County and they have fixed the issue, and the case is now showing "Disposed in the NYS E File System." (Exhibit A)

On July 19, 20204 the Plaintiff filed a claim in the Broome County Supreme Court (Index#EFCA2024001984). Due to the question of Jurisdiction and tolling statues of limitations, the Plaintiff filed a notice of discontinuance on July 22, 2024. Per NYCRR § 208.16 and CPLR 3217, a party can voluntarily discontinue a claim without a court order. The notice of discontinuance says the Plaintiff has 20 days after the claim is filed and before the respondent replies to the court to discontinue, which the Plaintiff did file a notice to discontinue on July 22, 2024. The Defendant Phillip Dabney Jr. Esq. never replied to the court. The Plaintiff also sent the Defendant Phillip Dabney Jr. Esq. a copy of the Notice of Discontinuance through certified mail on July 23, 2024.

Furthermore, the Honorable Judge Cheryl Insinga ruled in the order that the dismissal would be reversed after 120 days due to the denial of the poor persons application if the fee was not paid, this date was December 26, 2024 and the Plaintiff did not pay the fee so it was reversed and dismissed per the order. (The order submitted by the Defendant) (Exhibit B) (Order from Judge Insinga)

In the reversed decision of the Honorable Judge Cheryl Insinga she states *"In making this determination the court considered Mr. Guyette's affidavit of merit. However the issue at this point is not whether the complainant states a claim for legal malpractice, but rather the time in which the commence such an action has expired."*

In Judge Insinga's determination she does not consider the discovery date the Plaintiff found of the fraud/breach of May 2020 or the date that the Plaintiff was able to obtain all of her information June 2021. The Federal Complaint the Plaintiff has submitted of 92-pages to this court is a better representation of the claim and the timeline then the brief 9-pages that Judge Cheryl Insinga made her reversed decision off of. The Plaintiff is relying upon this courts own legal judgement, assessment, knowledge, and application of the law in making the decision regarding the merits of this case.

## ERIE COUNTY NY, SUPREME COURT

On January 31, 2021 The Plaintiff filed a breach of contract case in Erie County Supreme court. After 10 months of arguments, it was dismissed *without* prejudice due to a technical issue in the Plaintiff's filing of her original claim. The Plaintiff would like to bring to the court's attention that she was approved for her Poor Person's Application within those proceedings, as the poor person's status of the Plaintiff should follow suit with this Federal claim as well. Also, the Honorable Judge Paul Wojtaszek did not dismiss the case with prejudice as he seen the merit within the claim. (Exhibit C)("Order from Judge Wojtaszek)

## COLLATERAL ESTOPPEL

In the Defendant's letter he is arguing collateral estoppel, that these two previous claims have been decided in prior Supreme Court litigations and therefore cannot be reargued. There has never been an order or final judgement made in any claim submitted to Erie County Supreme Court regarding any of these state claims. None of the state claims were ever dismissed with prejudice.

The Plaintiff filing a Supreme Court claim has no bearing on her filing a Federal Claim as this court has jurisdiction over such matters presented by the Plaintiff to the court. The Grounds of the Plaintiff's claims may stem from the same facts, this does not mean that they are the same claims or causes of action under the Federal Jurisdiction. The Plaintiff has no other pending civil matters in any other court against any defendants for the same claims.

Furthermore the defendant Phillip Dabney Jr. Esq. is being sued in this civil lawsuit for multiple claims not just the one previous claim of legal malpractice. The claims against Defendant Dabney include legal malpractice, breach of contract, perjury, defamation, conspiracy to interfere with civil rights/defraud the United States and aiding and abetting. He is guilty of conspiring to cover up Federal Crimes committed against the Plaintiff at the hands of the Buffalo Police Department and the City of Buffalo and other named Defendants. He as well as his wife Defendant Crystal Rodriguez Dabney covered up Federal crimes against the Plaintiff and other residents for professional and financial gain. As stated within the Federal claim the continuous wrongdoing doctrine tolls the statue on the claims the Plaintiff has against the Defendants.

In regard to the question of the statute of limitations, that is for this court to decide not the Defendant Phillip Dabney Jr. The facts remain that the Plaintiff discovered the fraud/breach May 2020. The Plaintiff could not properly argue any elements of her case without proving she had one. She was able to obtain all the needed documentation with the repeal of 50-A (giving public access to police records) on June 23 2020, it took the Plaintiff approximately 1 year to obtain all the needed information and documentation in her case through FOIL. When the Plaintiff received most of her needed information she filed a legal malpractice claim in Erie County Supreme Court on January 31, 2021, it was dismissed on October 20, 2021 without prejudice due to a technical error in the Plaintiff's filing. The Plaintiff was directly involved and effected by the May 14, 2022 terrorist attack (The Plaintiff was interviewed on CNN) and the December 24, 2022 natural disaster, both in Buffalo NY. Her family was displaced due to the natural disaster and she moved from NY to GA January 2023. The moment the Plaintiff was mentally able to file her proceedings she filed a Federal Claim September 15, 2024.

## UNETHICAL/SANACTIONS

### Monetary Fine

The Plaintiff is asking this court to sanction the Defendant Phillip Dabney Jr. Esq. with a monetary fine to show that this kind of corrupt behavior will not be tolerated, as it's a severe violation of the Plaintiff's due process rights. The Defendant Phillip Dabney has violated the Plaintiff's due process rights for long enough and this court should send a clear message it will not be tolerated.

### Request For Temporary Restraining Order

The Plaintiff is also asking this court to review the supporting evidence of the Plaintiff's Request for judicial intervention filed in Erie County Supreme County on October 20, 2024 (Index# 815735/2024). Defendant Crystal Rodriguez Dabney was a defendant in a restraining order the Plaintiff requested against Rodriguez and a friend of the married couple Carolette Meadows. The Plaintiff submitted proof to the court where the Defendant Crystal Rodriguez Jr. Dabney was using Meadows to harass, threaten, alarm, and defame the Plaintiff in retaliation for filing this Federal Lawsuit on September 15, 2024. The Plaintiff was granted a temporary restraining order against Rodriguez-Dabney's Co Defendant Meadows on December 6, 2024.

On January 29, 2025 there was a hearing to decide on a permanent restraining order for Meadows and if one would be granted for Rodriguez. The Honorable Judge Michael Siragusa stated in his order he was

dismissing the claim as he did not have proper jurisdiction to make a decision on the request for the permanent restraining orders. (Exhibits D) Six days after the hearing on February 6, 2025 the Defendant Phillip Dabney Jr. Esq. wrote this letter to the court.

The Plaintiff is requesting this court review the documents in the Supreme Court request for an RJI, evidence, and orders. The Plaintiff is request a sanction on the Defendant's Phillip Dabney Jr. Esq. and his wife Crystal Rodriguez Dabney in form of a temporary restraining order. One that prohibits the Dabneys from *indirectly* (by encouraging others) and *directly* harassing, alarming, annoying, threatening, and defaming the Plaintiff in any way for filing this Federal claim. This includes but not limited to communications in person, over the phone, texts, email, and court documents that serve no legal purpose but to defame, alarm, and annoy the Plaintiff.

### Unethical Judicial Conduct

On December 31, 2024 the defendant Phillip Dabney Jr. Esq. was appointed to the Housing Court Judge by former Eighth Judicial Administrative Judge Kevin Carter, who was recently demoted as of February 26, 2025. The Defendant Phillip Dabney Jr. Esq. is explicitly violating the ex parte communication rule, which as sitting Judge Defendant Dabney should be aware of and be held to the highest standard of knowing what he is doing is unethical and an egregious violation of the Plaintiff's due process rights.

The Defendant Phillip Dabney Jr. Esq. submitted his letter to the court to purposely interfere with the court's determination of the facts. He is deceptively and knowing presenting the "Broome" county case as an active and ongoing case. He submitted a reversed order as it was active. He even references caselaw Davis v. Bryan arguing in his letter this is the reason for him bringing this unethical communication to the court's attention.

As the court can see with the letter written by the Defendant Phillip Dabney Jr. Esq., he continues to violate the Plaintiff's due process and rights and manipulate the truth. He also violates the civil rules and procedures of the court to his advantage. The Defendant Phillip Dabney has been committing violations of the judiciary code as an attorney and now a judge for many years. This should be considered as character evidence and be an attestation to whom the Defendant Phillip Dabney Jr. is and what he is willing to do to have his wrong doings covered up to get ahead.

The Plaintiff would like to bring to the courts attention according to Cannon 3D(1) of the code of Judicial Conduct, a judge who receives information indicating a substantial likelihood that another judge has committed a violation of the code should take appropriate action. Similarly Cannon 3D(2) mandates that judges must report any substantial likelihood of a lawyer committing a violation of the rules of professional conduct. The failure to sanction such unethical behavior raises significant ethical concerns.

Thank you for attention to this matter.

Dominique Calhoun

Plaintiff Pro Se

**CC: Phillip Dabney Jr.(Electronic Service); Crystal Rodriguez Dabney (Electronic Service)**

# EXHIBIT A

- **Picture of "Disposed" Broome County Case in NYS Unified Court System**



# New York State Unified Court System

NYSCEF - **New York State Courts Electronic Filing** (Live System)

<< Return to **Search Results**

## EFCA2024001984 – Broome County Supreme Court

Short Caption:  **Dominique Calhoun et al v. PHILLIP DABNEY JR. et al**
Case Type: **Commercial - Contract**
Case Status: **Disposed**
eFiling Status:  **Partial Participation Recorded**
Assigned Judge: **Cheryl Insinga**

| **Document List** | Case Detail | Court Notices |

**Narrow By Options**

Document Type:      [                    ▼]      Filed By:      [                    ]

Motion Info:        [                    ▼]      Filed Date:    [              ] 🗓 t

Document #:         [          ]

[ Narrow Document List ]   [ Clear ]   **Show Motion Folders ONLY**

(Exhibit # A)

# EXHIBIT B

- Reversed and Disposed order from Honorable Cheryl Insinga
- Broome County EFCA# 2024001984

NYSCEF DOC. NO. 11                                    RECEIVED NYSCEF: 08/29/2024





**STATE OF NEW YORK**
**SUPREME COURT CHAMBERS**
**BROOME COUNTY COURTHOUSE**
**PO BOX 1766**
**BINGHAMTON, NEW YORK 13902**

**CHERYL INSINGA**
**JUSTICE**

**Telephone:  (607) 240-5810**
**Facsimile:  (607) 240-5827**
**brminsinga_chambers@nycourts.gov**

August 28, 2024
*Letter Order*

Dominique Calhoun
158 Nathan Road, SW
Atlanta, GA 30331
*Via NYSCEF*

RE:    <u>Calhoun v. Dabney, et al.</u>
          **Broome County Index No.: EFCA 2024001984**

Dear Ms. Calhoun:

The Court has reviewed your application for a filing fee waiver in this matter, the pleadings, and the related filings and determined that you do not qualify for this relief for several reasons:

- On January 31, 2021, you commenced a legal malpractice action against the defendants in Erie County (the Erie action).  In that action, you alleged that the defendants committed legal malpractice by failing to commence a civil rights action on your behalf before the expiration of the January 31, 2018 statute of limitations.  The Erie action was dismissed without prejudice by Order dated October 15, 2021.  The motion to renew and/or reargue pursuant to CPLR 2221 was denied by Order dated February 17, 2022.

- On July 22, 2024, you commenced this breach of contract action against the defendants in Broome County (the Broome action).  It is based on the same facts as the Erie action.  Pursuant to CPLR § 214(6), the statute of limitations for a legal malpractice claim is 3 years (here, January 31, 2021).  This is true "regardless of whether the [legal malpractice] theory is based in tort or in breach of contract" (*In re R.M. Kliment & Frances Halsband, Architects,* 3 NY3d 539, 542 [2004]).  The Broome action was filed well beyond the January 31, 2021 statute of limitations.

- The complaint in the Broome action references "changing the venue" from Erie to Broome County.  However, this relief is sought in the context of a pending action (*see* CPLR Article 5).  As the Erie action was dismissed nearly 3 years ago, it is no longer pending.  Further, as noted above, the Broome action was commenced over 3 years past the statute of limitations.

FILED: BROOME COUNTY CLERK 08/30/2024 03:57 PM

NYSCEF DOC. NO. 11                                                    RECEIVED NYSCEF: 08/29/2024

Dominique Calhoun
August 28, 2024
Page 2


&bull;      A Stipulation of Discontinuance was filed on June 22, 2024 in the Broome
action, with a notation in NYSCEF that it would be filed in "Erie County due
to Statute of Limitations tolling." However, the document itself references
discontinuance of the Broome action.

One of the factors courts consider when determining whether to grant an application for a
filing fee waiver is whether the action has merit (*see* CPLR 1101[a]).  Where, as here, it appears the
action would be time-barred under the applicable statute of limitations, denial of the application is
proper (*see Sledge v. Hesson*, 274 AD2d 777 [3d Dept 2000]).

In making this determination, the Court has considered Mr. Guyette's affidavit of merit.
However, the issue at this point is not whether the complaint states a claim for legal malpractice, but
rather whether the time in which to commence such an action has expired.

Under the heading "Statute of Limitations: Inapplicable," Mr. Guyette cites the defendant's
alleged "continuous representation" beyond the statute of limitations.  However, at most, the
complaint alleges the parties continued to discuss the status of the case until May 2018.

Mr. Guyette also cites the Executive Orders suspending procedural deadlines during the
COVID-19 pandemic as a basis to find that the action is timely.  As relevant here, Executive Order
202.8 and several subsequent Executive Orders effectively "tolled" or suspended the running of the
applicable statute of limitations from March 20, 2020 through November 3, 2020 – a period of 228
days (*see Roach v. Cornell Univ.*, 207 AD3d 931, 932 [3d Dept 2022]).  Excluding this period from
the calculation of time in which you had to commence this action still does not bring it within the
3 year statute of limitations (*see id.*).

Despite the foregoing, CPLR § 1101(d) requires a notification that the case will be dismissed
if the filing fees are not paid within 120 days of the date of this Letter Order (*see Sledge*, 274 AD2d
at 778 [reversing dismissal of complaint as time-barred in context of poor person application, as
action is not commenced until fees are paid or waived and there was no motion seeking such relief]).

This Letter constitutes an Order of the Court.

Very truly yours,

CHERYL INSINGA
Supreme Court Justice

CI/abs

cc:    Broome County Clerk, w/ original for filing

# EXHIBIT C

- Order from Honorable Paul Wojaszek
- Erie County Supreme Index# 801282/2021

NYSCEF DOC. NO. 42

RECEIVED NYSCEF: 10/20/2021

(Exhibit #C)

At a Special Term, Part 16,
Of the Supreme Court of the State of
New York, held in and for the County
of Erie, in the City of Buffalo, on the
6th day of October, 2021.

PRESENT:    Hon. Paul B. Wojtaszek, J.S.C.,
            Presiding Justice

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

_____

DOMINIQUE CALHOUN,

                    Plaintiff,

vs.

PHILLIP DABNEY, JR., ESQ.,

                    Defendant.

_____

**ORDER**

Index No.:  801282/2021

 

Defendant, Phillip Dabney, Jr., Esq. ("Defendant"), moved pursuant to Section 3012(b) of the Civil Practice Law and Rules ("CPLR") to dismiss this action with prejudice for the failure of plaintiff, Dominique Calhoun ("Plaintiff"), to timely serve a complaint. Plaintiff cross-moved for an extension of time to serve the complaint.

In support of his motion, Defendant submitted a notice of motion dated June 14, 2021 (Doc. No. 4), the affirmation of Timothy J. Graber, Esq. attested to on June 14, 2021 with exhibits (Doc. Nos. 5-9), and a memorandum of law in support of Defendant's motion to dismiss dated June 14, 2021 (Doc. No. 10). In opposition to Plaintiff's cross-motion and in further support of Defendant's motion to dismiss, Defendant submitted an affidavit sworn to on October 1, 2021 (Doc. No. 31) and a memorandum of law dated October 1, 2021 (Doc. No. 30).

NYSCEF DOC. NO. 42                                    RECEIVED NYSCEF: 10/20/2021

In support of her cross-motion, Plaintiff submitted a cross motion dated September 29, 2021 (Doc. No. 26). Plaintiff also submitted a reply memorandum of law dated October 3, 2021 (Doc. No. 30) and an affidavit sworn to on October 3, 2021 (Doc. No. 31) in further support of her cross-motion.

On October 6, 2021, Plaintiff and Defendant presented oral argument in support of their positions via Microsoft Teams before the Honorable Paul B. Wojtaszek, Justice of the Supreme Court.

Now, after due deliberation on the aforementioned papers and oral argument, and the Court having considered all aspects of the pending motions, it is hereby

**ORDERED** that Defendant's motion to dismiss this action ~~with prejudice~~ *without prejudice* pursuant to CPLR 3012(b) is hereby granted, and it is further

**ORDERED** that Plaintiff's cross-motion for an extension of time to serve the complaint is denied.

HON. PAUL B. WOJTASZEK, J.S.C.

GRANTED: 10/15/21

# EXHIBIT D

- Petition: Request For TRO
- Erie County Supreme Index# 815735/2024

1.    Petition: Requesting TRO'

2.    Order from Honorable Michael Siragusa granting TRO against codefendant Meadows. The Judge scheduled a hearing to determine permanent TRO against Meadows AND Rodriguez.

3.    Opposition To Motion To Dismiss Crystal Rodriguez-Dabney

4.    Defamatory statement regarding Plaintiff and Dabney's that was written in Meadows legal proceedings. (pg 2)

5.    Cease and Desist written from Plaintiff to Meadows after.

6.    Email showing C&D sent to Meadows was sent immediately to Crystal Rodriguez. (Pg. 2)

7.    Strand of harassing emails back to back sent Plaintiff from Meadows regarding Dabneys. / Text Sent threatening Plaintiff

8.    Email to the court during the request of this TRO of Meadows communicating with Rodriguez, showing them working in accord.

9.  Deason and order: Michele Siragusa
     —No Jurisdiction

**EXHIBIT 1:**

**Petition: Requesting TRO**

NYSCEF DOC. NO. 1                                                    RECEIVED NYSCEF: 10/28/2024

STATE OF NEW YORK
**SUPREME COURT**              **COUNTY OF ERIE**

**DOMINIQUE C. CALHOUN,**

                                    **Plaintiff,**          **PETITION: REQUEST FOR TRO**
                                                            **Index No:**
-vs-

**CRYSTAL RODRIGUEZ DABNEY &**
**CAROLETTE MEADOWS,**
                                         **Defendants,**

———————————————————

1.      I the Plaintiff, Dominique Calhoun am Petitioning the court for a temporary restraining order against the Defendants CRYSTAL RODRIGUEZ and CAROLETTE MEADOWS.


2.      The Defendants have been engaging in harassing behavior that defames, alarms, annoys, and threatens the Plaintiff.


3.      The Plaintiff is seeking relief in the form of a temporary restraining order to prevent the Defendants from engaging in retaliatory behavior by harassing, alarming, threatening, defaming, or intimidating the Plaintiff through phone calls, texts, Facebook, email, false police reports, or in person. Also through any statements within legal proceedings the Plaintiff is not a party to & that serve no judiciary purpose but to slander, alarm, discredit, or annoy the Plaintiff.


4.      The Plaintiff filed a federal lawsuit in WESTERN DISTRICT of NEW YORK on September 15, 2024, in which CRYSTAL RODRIGUEZ is a defendant in. The Plaintiff is requesting a TRO until the completion of her civil action or the removal of defendants Crystal Rodriguez Dabney & Phillip Dabney Jr. Esq. from the civil case.


5.      The Plaintiff has included an affidavit in support of the TRO.


**Respondents:**

**CYRSTAL RODRIGUEZ-DABNEY ESQ.-40 Blaine Ave Buffalo NY 14208**
**CAROLETTE MEADOWS: 281 Barnard St Buffalo NY 14206**

Dominique Calhoun (Plaintiff Pro Se)                    DomCalhoun@Yahoo.Com

10.25.2024

**EXHIBIT 2:**

**Order from Honorable Michael Siragusa granting TRO against codefendant Meadows. The Judge scheduled a hearing to determine permanent TRO against Meadows AND Rodriguez.**

NYSCEF DOC. NO. 22                                                    RECEIVED NYSCEF: 12/06/2024

**HON. MICHAEL A. SIRAGUSA, A.J.S.C.**

**STATE OF NEW YORK**
**SUPREME COURT: COUNTY OF ERIE**

---

**DOMINIQUE C. CALHOUN,**

                              **Plaintiff,**

                                                    **AMENDED ORDER**
                                                    **Index Number:  815735/2024**

        **-vs-**

**CRYSTAL RODRIGUEZ-DABNEY AND**
**CAROLETTE MEADOWS,**

                              **Defendants.**

---

        The Plaintiff, Dominique C. Calhoun ("Plaintiff"), appearing *Pro Se,* having filed a Petition with this Court seeking the issuance of a Temporary Restraining Order ("TRO") against the named Defendants, Crystal Rodriguez-Dabney and Carolette Meadows (*See NYSCEF Doc. Nos. 1, 3-7 and 15*); and

        The Plaintiff also having filed a Motion to Vacate the Order of the Honorable Catherine Nugent-Panepinto denying Plaintiff's application for Poor Person status (*see NYSCEF Doc. Nos. 16-20*); and

        Upon reading and considering the above-referenced Petition and supporting documents (*NYSCEF Doc. Nos. 1, 3-7 and* 15), as well as Plaintiff's Motion to Vacate the Order of the Honorable Catherine Nugent-Panepinto (*NYSCEF Doc. Nos. 16-20*), without notice to the named Defendants, and after due deliberation having been had; it is hereby

        **ORDERED** that Plaintiff's Petition for a TRO is GRANTED in part solely as against named Defendant, Carolette Meadows, until a hearing can be held in regard to this matter; and it is further

        **ORDERED** that named Defendant, Carolette Meadows, is hereby restrained, prohibited from and directed not to contact, threaten and/or harass the Plaintiff, whether it be in-person or through any means of communication whatsoever, including but not limited to telephone calls, text messages, social media, Facebook and/or e-mail; and it is further

NYSCEF DOC. NO. 22                                    RECEIVED NYSCEF: 12/06/2024

**ORDERED** that the Plaintiff is directed to effectuate service of process of this proceeding, including the Petition and all supporting documents and submissions, as well as a copy of this instant Amended Order, by personal service, upon the named Defendants, and also attempt to serve same by e-mail upon the named Defendants, on or before December 19, 2024; and it is further

**ORDERED** that a hearing will be held in this matter pertaining to Plaintiff's Petition seeking the issuance of a TRO, and any additional injunctive relief, on **Friday, January 10, 2025, at 9:30 a.m., at 50 Delaware Avenue, Part 29, Buffalo, New York 14202**; and it is further

**ORDERED**, that named Defendant, Carolette Meadow, must file any responding/opposing papers, on or before January 3, 2025; and it is further

**ORDERED** that the remainder of the relief sought in Plaintiff's Petition for the issuance of a TRO is DENIED; and it is further

**ORDERED** that Plaintiff's Motion to Vacate the Order of the Honorable Catherine Nugent-Panepinto denying Plaintiff's application for Poor Person status (*see NYSCEF Doc. Nos. 16-20*) is DENIED as Plaintiff has access to sufficient funds to proceed in this proceeding without Poor Person status.

**SO ORDERED**

Dated: December 6, 2024

HON. MICHAEL A. SIRAGUSA, A.J.S.C.

2

**EXHIBIT 3:**

**Opposition To Motion To Dismiss Crystal Rodriguez-Dabney**

NYSCEF DOC. NO. 40                                          RECEIVED NYSCEF: 01/12/2025

STATE OF NEW YORK

SUPREME COURT          COUNTY OF ERIE

DOMINIQUE C. CALHOUN,

                              Plaintiff,          **Opposition To Motion To Dismiss:
                                                  RODRIGUEZ-DABNEY ESQ.**

          -vs-                                    **Index No: 815735/2024**
Crystal Rodriguez Dabney Esq, &
Carolette Meadows
_____Defendant.

## JURISTICTION

1. Morgan Eaton Served the Order/Amended Order on 12/19/2024 to both Defendants via email. The Affidavit of Service was filed on 1/7/2025.

2. NY (CPLR) 30-b: In New York State, a petition with an order to show cause (OTSC) must be served within 120 days of the start of an action.

3. The Plaintiff filed action Index number 815735/2024 October 20, 2024, which means she had until February 17, 2025 to serve the petition, 120 days from that date.

4. NY CPLR 2214: For civil motions, the notice of motion and supporting papers must be served on all parties at least eight days before the hearing. If the motion is served by mail, an additional five days must be added. Since there is currently no hearing date scheduled, the Plaintiff has had additional time to serve the Defendants the Petition.

5. Morgan Eaton served both Defendants the Petition with all exhibits via email on 1/12/2025.

## BACKGROUND

6. In the Petition (index number 815735/2024) that was commenced on October 20, 2024, it specifies the act the Defendant CRYSTAL RODRIGUEZ DABNEY ESQ. is engaging in is using and encouraging defendant CAROLETTE MEADOWS to harass, annoy, alarm, and threaten the Plaintiff on her behalf. Using her mental instability as leverage. The Defendant RODRIGUEZ is facilitating this harassment in retaliation for the Plaintiff filing a Federal lawsuit September 2024 against Defendant CRYSTAL RODRIGUEZ-DABNEY ESQ. and her husband Phillip Dabney Jr. Esq.

NYSCEF DOC. NO. 40                                              RECEIVED NYSCEF: 01/12/2025

7. The only thing that should be considered delirious is the array of harassing messages the Plaintiff has received from Defendant CAROLETTE MEADOWS mentioning the Plaintiff's legal claims against CRYSTAL RODRIGUEZ DABNEY ESQ and her husband Phillip Dabney Jr. Esq.

## TIMELINE

8. Plaintiff filed Federal Lawsuit against Defendant CRYSTAL RODRIGUEZ DABNEY and her husband Phillip Dabney Jr. Esq.: **Monday September 16, 2024.**

9. Between **September 23, 2024- October 4, 2024** the plaintiff started received threatening Text's from an unknown source as the numbers traced back to a TEXTNOW app phone number with no name.

10. The text's were numerous messages that said The Plaintiff was a "Dumb ass for filing a lawsuit she will never win against the Dabney's." The Plaintiff was a "Stupid boke liar trying to get money from Phil & Crystal." "Stupid bitch." "Dumb ass!!!" "You will never win against the Dabneys!!"

11. **October 4, 2024: CAROLETTE MEADOWS LETTER TO COURT (ECKERT V. MEADOWS)**

"Plaintiff has also joined forces with another mentally deranged person, Dominique Calhoun, who calls herself the "Pro see princess" in her numerous filings against Judge Phil Dabney. Together they feed off each other's insanity and paranoia in their attacks on people they perceive as "harming" them." (Exhibit 1, last paragraph of letter)

12. MEADOWS also includes in her proceedings a screen shot of the Plaintiff's picture and Facebook name.

13. The Plaintiff, Dominique Calhoun has never referred to herself in any legal proceedings as the "Pro se princess," the Plaintiff has never been diagnosed with any mental illness or does she have any ailment that would cause her to be mentally deranged. The Plaintiff has lived in GA for the past 2 years, she has had absolutely no interactions with MEADOWS. There is no legitimate reason why MEADOWS would bring the Plaintiff's name and legal claim against Phillip Dabney Jr. Esq., with defamatory comments into her own proceedings at that time.

14. **October 7, 2024 at 6:48pm: Cease and Desist emailed to CAROLETTE MEADOWS from the Plaintiff.**

15. **October 8, 2024 at 1:21pm: CAROLETE MEADOWS forwards C&D from Plaintiff to CRYSTAL RODRIGUEZ-DABNEY**

NYSCEF DOC. NO. 40                                                    RECEIVED NYSCEF: 01/12/2025

16. **October 12, 2024: MEADOWS issued TRO to neighbor Eckert/others for pulling out a loaded shot gun. (Violent Offense)**

17. **October 14/15, 2024:** MEADOWS posts an array of defamatory statements to the county clerk's email regarding Plaintiff, Calhoun, that serves no purpose to her case. (Eckert v. Meadows)

18. **October 15, 2024: Received Text App Number that said "You will be next to have a gun pulled out on you bitch!"**

19. **October 20, 2024: Plaintiff filed for TRO against MEADOWS/RODRIGUEZ**

20. **October 30, 2024** request for TRO was Denied by Honorable Judge Catherine Panepinto (Who has a

conflict of interest with the Defendant(s))

21. **October 31, 2024** the Plaintiff received multiple calls from a private number which she eventually answered.  The Plaintiff received a threat from a woman saying if she did not leave Phil and Crystal alone she would be next to get a gun pulled out on her. The Plaintiff is familiar with Carolette Meadows voice from speaking to her between 2020-2021 when MEADOWS called The Plaintiff with questions about her background while the Plaintiff was running for political office.

22. The Plaintiff hung up and never answered anymore private calls, but the calls continued, sometimes back to back for days.

23. **Between October 31, 2024-November 13, 2024** the Plaintiff received multiple harassing private calls. Private calls were being made to the Plaintiff between the harassing emails that were sent by MEADOWS on 11/13/2024. (Exhibit 2)

24. **November 13, 20204 (9:06am): CAROLETTE MEADOWS to Plaintiff (EMAIL)**

*"You can take your poorly written c&d and shove it up your ass! As far as your taking my "raggedy house" at least I have one and you're so broke that you THINK you can take it while chasing law suits that get tossed out left and right and you're so pathetic that you thought YOU could just willy nilly pick a new venue and they threw your shit out too along with your idiot lawyer's certificate whom you paid to give you that worthless piece of paper. Now you think going Federal will help you? RMFLMMFAO, �winking, You've lost more times then a blind baseball miss pro se princess."*

25. **November 13, 2024 9:16am: Plaintiff to CAROLETTE MEADOWS  (EMAIL)**

"Hello, You as well as your friend the judge who signed that order will be receiving a response soon. I see you can't help yourself but to continue to harass me through emails and texts. More then likely at the direction of Crystal Rodriguez using your mental stability against you. You clearly don't know how the law works. Nothing has gotten thrown out of any court. Also, attorneys are always paid for whatever they do.

NYSCEF DOC. NO. 40                                    RECEIVED NYSCEF: 01/12/2025

They would not put their career on the line to write anything false. You're very unhinged and deeply disturbed. Please be advised you have been asked to C&D, stop the defamation and the harassment multiple times and you have continued."

26. **November 13, 2024 9:33am CAROLETTE MEADOWS to Plaintiff (EMAIL)**

☺ You contacted me and if you didn't want this you shouldn't have started it up so you take your simple ass and skip that empty brain of yours down the yellow brick road to the court of nothing bc that's what you got."

27. **November 13, 2024 9:35am CAROLETTE MEADOWS to Plaintiff (EMAIL)**

"You Paid for a worthless piece of paper?" ☺

28. **November 13, 2024 1:57pm CAROLETTE MEADOWS to Plaintiff (EMAIL)**

"And just bc you dumb enough to let your psycho twin lead you by the nose doesn't mean ev1 is trailing like a whipped puppy." Emails (Exhibit 3)

29. **November 21, 2024: TRO Granted by the Honorable Judge Michael Siragusa against MEADOWS, and denied against RODRIGUEZ.**

30. The Defendant Carolette Meadows have spoken to Defendant CRYSTAL RODRIGUEZ DABNEY ESQ. within the emails to the court with both Defendants copied on. It is clear they have and are working in accord with each other to engage in this harassment and defamation.

31. **January 3, 2025 7:43pm CAROLETTE MEADOWS (Email)**

"Mail and clerk service have been completed.
The Plaintiff should have her copy shortly.
Cyrstal, im sure this email will suffice. If not, please let me know." (Exhibit 4)

## CONCLUSION

32. The Plaintiff has all the information needed to ask the court for a summary judgement and request the judge to grant a permanent restraining order against MEADOWS. Instead, the Plaintiff will agree to the hearing to be adjourned as she would like to be given the opportunity to ask the Defendant CAROLETTE MEADOWS under oath why she is harassing the Plaintiff regarding Defendant CRYSTAL RODRIGUEZ DABNEY ESQ. and her husband Phillip Dabney Jr. Esq.

NYSCEF DOC. NO. 40                                                                RECEIVED NYSCEF: 01/12/2025

33. If the Defendant CAROLETTE MEADOWS indicates under oath she is being instructed or encouraged in any way to engage in harassing behavior towards the Plaintiff regarding her legal claims, The Plaintiff will be asking to court to reconsider the TRO against CRYSTRAL RODRIGUEZ-DABNEY ESQ.

34. The Plaintiff is seeking relief in the form of a temporary restraining order to prevent the Defendants from engaging in retaliatory behavior by harassing, alarming, threatening, defaming, or intimidating the Plaintiff through phone calls, texts, Facebook, email, false police reports, or in person. Also through any statements within legal proceedings the Plaintiff is not a party to & that serve no judiciary purpose but to slander, alarm, discredit, or annoy the Plaintiff.

**Dominique Calhoun (Electronic Signature)**

**Plaintiff (Pro Se)**

DomCalhoun@Yahoo.com

**TO: Defendant's Attorney Brittney Penberthy – via NYSCEF only**

**EXHIBIT 4:**

**Defamatory statement regarding Plaintiff and Dabney's that was written in Meadows legal proceedings. (pg 2)**

NYSCEF DOC. NO. 41                                      RECEIVED NYSCEF: 01/12/2025

(Exhibit) Pg. 1

STATE OF NEW YORK

SUPREME COURT: COUNTY OF

ERIE_____

Rachel Eckert,

              Plaintiff                                    Letter to the Court

       Vs                                               Index: 80554/2022

Carolette Meadows,

              Defendant

_____

The Defendant in this matter wishes to remind the judge that the Defendant's motion(s) to dismiss, on Docket lines 51 and 81, have yet to be rendered a decision before deciding plaintiff's motion to change venues.

In addition to the defense(s) stated in those filing(s), the Defendant wishes to add that this should be dismissed, in its entirety and with prejudice for the following reasons:

       The plaintiff has established, not only no claim, but has shown that she is only using court as to be annoying and is not taking this seriously since she only files paperwork on this case when something doesn't go her way in another court.

       The plaintiff, as per usual, makes wild, unsubstantiated allegations against any and everyone who doesn't give her, her way. This is done not only to the citizenry but also court judges and their staff, to the point that EVERY judge in Erie County now recuses along with one judge from Niagara County. (plaintiff's exhibit 1: Grisanti's order on 808096/2022 - see Page 5 line 18 - page 7 line 15)

       In addition, the defendant has brought into consideration her mental instability which she is in no way seeking assistance with. Plaintiff not only claimed, during trial, in court under Judge Davis that she, "suffers from severe anxiety" and so much so that she "suffer a severe panic attack for which [she] needed to be seen in urgent care for treatment" be plaintiff's loose dog was taken to the pound BUT ALSO stated in federal court filing, 1:22-cv-00540-LJV, that she:

       "...flunked out of school...resigned full time employment...decrease in sex drive...anxiety...undue stress...trouble eating, sleeping, concentrating and focusing...fears of

NYSCEF DOC. NO. 4    RECEIVED NYSCEF: 01/12/2025

Pg. 2

having developed paranoid personality disorder… severe depression…battling suicide…"
(exhibit A)

With all that said, plaintiff has CONTINUOUSLY filed federal, state, and article 78 actions in
every possible venue, and has maintained a CONSTANT social media presence where she
attacks and maligns every person at every opportunity. Additionally, for all her "sex drive" and
"stress" issues, plaintiff found the time to get pregnant, again, and have a baby this summer.

Plaintiff's inability to accept the consequences of her own actions are blatantly obvious, in that
she states that she "flunked out of school" due to everyone's actions except her own in her
actively chosing to engage in "neighbor war" in order to "obtain a judgment to for the sale of the
defendant's home" (as stated to His Honor during a previous appearance when plaintiff was
asked what her "end game" was).

Defendant would like to remind His Honor that at no point in these proceedings has the plaintiff
made or substantiated any claims of extreme mental stress or instability but is simply looking for
money to supplement plaintiff's life the plaintiff chose to leave a full time job in search of a
court judgment.

Defendant also wants to remind the Court that the plaintiff has filed SEVERAL fraudulent
insurance claims against the defendant's auto insurance trying to get paid and recently, plaintiff
filed claims on plaintiff's own homeowner's policy for January storm damage. Instead of
repairing her home, the plaintiff bought a Cadillac SUV.

Plaintiff was employed at Mattel, part-time, after losing her employment with Lawler
-Witkowski. Defendant has been told that the plaintiff lost job also, this summer. As a result, the
plaintiff somehow had a "total loss" accident which Farmers Insurance has been refusing to pay
out on and plaintiff is, again, mounting a campaign to sue. (exhibit B)

During this time of "severe undue stress" the plaintiff also began a war with First Student
transportation service and South Buffalo Charter School, after plaintiff's daughter, Phoebe,
slapped a child on the bus which resulted in the assaulted child dumping Phoebe's bookbag out.

Typical of plaintiff's "paranoia," instead of seeing Phoebe as the problem, plaintiff harassed the
bus driver to the point that Phoebe had to placed on a different bus due to plaintiff's incessant,
wrongful claims that the driver allowed and encouraged children to "bully" Phoebe even though
plaintiff was shown video evidence that Phoebe was the antagonist.

Plaintiff has also joined forces with another mentally deranged person, Dominique Calhoun, who
calls herself the "pro se princess" in her numerous filings against Judge Phil Dabney. Together,
they feed off each other's insanity and paranoia in their attacks on people they perceive as
"harming" them.

Exhibit Information

**EXHIBIT 5:**

**Cease and Desist written from Plaintiff to Meadows after.**

NYSCEF DOC. NO. 521                                    RECEIVED NYSCEF: 10/20/202⟨

M Gmail                                        Carolette Meadows <carolettedm@gmail.com>

## Cease and Desist: DOMINIQUE CALHOUN                    Pg. 1
8 messages

**Dominique Calhoun** <domcalhoun@yahoo.com>              Mon, Oct 7, 2024 at 6:48 PM
To: "carolettedm@gmail.com" <carolettedm@gmail.com>

Carolette Meadows                                        Exhibit A

This is a cease and desist.

If you mention my name again I will sue you for defamation.

I have never been diagnosed with any mental illness. That's is a LIE.  You know all of my MANY
accolades and my very well known well established family within the city of Buffalo. Me using my
civic right is not mentally deranged. Your very much intelligent enough to read the affidavit of Merit
in support of my case from an attorney who has accolades longer then Mr. dabneys Career. There
is proof of everything and just because you want to be heard by people who will never see you it
doesn't make the disgusting crimes they committed less true. Women like you are beyond
disgusting.

Thank you for proof of continued defamation and support to prove people  like yourself are
obsessed with me because of untruths Phillip Dabney has led you to believe. Now you have this
crazy fixation with me because you yourself are mentally deranged and you're clearly projecting. I
will be submitting this proof as evidence and you may be called to court as a witness in federal
court. I have lived in GA for the past 2 years and you're still defaming me because your clearly sick
and a jealous sad woman.

I have never mentioned myself as the pro se princess in any court document. That was a blatant lie
as well. If you were not stalking me on the just answer platform maybe you wouldn't get my user
name mixed up with real life. Keep my name out of your mouth and out of your non logical legal
papers as I have a real lawsuit, clients and business . You mention me again and I will for sure be
suing you and placing a lien on that raggedy home you have. Keep my name out of your mouth
and your legal battle you seem to be loosing. It's quite ridiculous I even have to send you a letter
because at your grown age you should actually know better.

Have a great day Ms. Meadows

Dominique Calhoun

**Carolette Meadows** <carolettedm@gmail.com>              Tue, Oct 8, 2024 at 1:05 PM
To: Kristine Mellerski <kmellers@nycourts.gov>, Dominique Calhoun <domcalhoun@yahoo.com>, R E
<reck0625@outlook.com>

Ms Mellerski,

I DO NOT appreciate the plaintiff disseminating my email address to her psychotic friends. I have to have correspondence
with the plaintiff due to court proceedings but I DO NOT have to deal with her neurotic cohorts who are in complete
ignorance as to what establishes a defamation claim and what actions can be served C&Ds.

Let this serve that Dominque Calhoun IS NOT  to contact me under ANY circumstances or it will be deemed actionable. If
she has a problem, she should take it up with the courts.... as she is so adept at doing.

**EXHIBIT 6:**

**Email showing C&D sent to Meadows was sent immediately to Crystal Rodriguez. (Pg. 2)**

Additionally, I will send the court a motion to sanction the plaintiff for this inexcusable behavior.

Carolette Meadows
[Quoted text hidden]

Pg. 2

 Virus-free.www.avast.com

**Dominique Calhoun** <domcalhoun@yahoo.com>                     Tue, Oct 8, 2024 at 1:13 PM
To: Carolette Meadows <carolettedm@gmail.com>

Pease do not contact me or copy me onto anything you have going on. I sent you the cease and desist if you do not follow it I will sue you.

Thank you
[Quoted text hidden]

**Carolette Meadows** <carolettedm@gmail.com>                     Tue, Oct 8, 2024 at 1:21 PM
To: "Crystal J. Rodriguez, Esq." <rodriguezesq13@gmail.com>



---------- Forwarded message ---------
From: **Dominique Calhoun** <domcalhoun@yahoo.com>
Date: Mon, Oct 7, 2024 at 6:48 PM
Subject: Cease and Desist DOMINIQUE CALHOUN
To: carolettedm@gmail.com <carolettedm@gmail.com>

[Quoted text hidden]

 Virus-free.www.avast.com

**Kristine Mellerski** <kmellers@nycourts.gov>                     Tue, Oct 8, 2024 at 1:41 PM
To: Carolette Meadows <carolettedm@gmail.com>, R E <reck0625@outlook.com>

We will see you both next week. If either of you have something to file, please file it. This email chain is for proof of service only, not for either of you to argue the case. Ms Calhoun is not a party to this action and should not be included on this email chain.

Thank you,

Kristine

[Quoted text hidden]

Please be CAREFUL when clicking links or opening attachments from external senders

**EXHIBIT 7**

TEXT MESSEGES SENT TO PLAINTIFF WITH
THREATS REGARDING DABNEYS/

STRAND OF HARRASING EMAILS SENT BACK TO
BACK TO PLAINTIFF FROM MEADOWS
REGARDING DABNEYS

(716) 305-3221

Your a dumb bitch! You will never win against Phil and Crystal!! 

Who is this?!?

Fuck you dumb lying bitch!! You will never win against the Dabneys!! Everyone knows you lied about everything!!

You have NO lawsuit against them! You're a broke liar trying to get money from Phil and Crystal!!

Stop texting me!! The Dabneys are horrible people and so are you!!

Keep up your bullshit and someone might pull a gun on you next!!

You're threatening why?!?!

FUCK YOU BITCH!!!